USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/28/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                                   :

BARCROFT MEDIA, LTD. et al.,             :

                                              :

                        Plaintiffs,       :              16-CV-7634 (JMF)

                                              :

               -v-                    :      MEMORANDUM OPINION

                                              :         AND ORDER

COED MEDIA GROUP, LLC,            :

                                              :

                        Defendant.      :

                                              :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiffs, providers of entertainment-related photojournalism and owners of celebrity photographs, bring intellectual property claims against Defendant Coed Media Group, LLC ("CMG") relating to the allegedly infringing use of certain celebrity photographs (the "Images") on CMG's pop culture and celebrity gossip websites. In connection with the parties' filing of their proposed Joint Pretrial Order, Plaintiffs filed two motions: a motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for spoliation sanctions, (Docket No. 38); and a motion *in limine* to preclude the trial testimony of Robert Coakley, (Docket No. 41).

       Plaintiffs' motions are without merit. First, they move for spoliation sanctions on the ground that CMG failed to preserve the webpages on which it had displayed the Images (the "Webpages"). (*See* Docket No. 38). Although unmentioned by Plaintiff, the relevant provision of Rule 37 was amended in 2015 to state that a court may impose sanctions "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). If the court finds prejudice to the

other party from such "loss," it may "order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). A court may impose more severe sanctions "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2); *see generally CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 495-96 (S.D.N.Y. 2016) (discussing the amended Rule 37(e)).

Given the plain language of the Rule, Plaintiffs' motion borders on frivolous, for the simple reason that they cannot even show that the evidence at issue was "lost." Several of the Images are still hosted on CMG's websites. (*See* Docket No. 47 ("Def.'s Mem."), at 19). And the record makes clear that Plaintiffs themselves possess copies of the other Webpages — in the form of screen captures taken when they displayed the Images (the "Screenshots"). (*See* Docket No. 14, Ex. 1; Docket No. 40-5, at 2). In fact, Plaintiffs themselves list the Screenshots as trial exhibits. (*See* Docket No. 36, at 15). Given that (plus the fact that Defendant does not dispute the authenticity of the Screenshots (*see id.*) or deny that it hosted and displayed the Images (*see* Def.'s Mem. 16-18)), there is no foundation to impose sanctions under Rule 37(e). And to the extent that there were a foundation, sanctions would be inappropriate because there is no evidence whatsoever that Defendant "acted with the intent to deprive another party of the information's use in the litigation," Fed. R. Civ. P. 37(e)(2), and Plaintiffs obviously cannot show prejudice "as [they] actually possess[] copies" of the relevant evidence, *Mestecky v. N.Y.C. Dep't of Educ.*, No. 13-CV-4302 (CBA) (VMS), 2016 WL 8677285, at *5 (E.D.N.Y. Feb. 5, 2016), *reconsideration denied*, 2016 WL 756566 (E.D.N.Y. Feb. 26, 2016).[1]

---

[1]    Plaintiffs' argument that they are prejudiced because of the "best evidence rule" is unavailing. (See Docket No. 39 ("Pls.' Mem."), at 13-14). The "best evidence rule" pertains to the admissibility of evidence introduced to prove the content of original writings, *see* Fed. R. Evid. 1002, 1004, and has nothing to do with spoliation. Additionally, to the extent that CMG's witnesses will testify to "what the [W]ebpages purportedly would have shown," (Pls.' Mem. 14),

Plaintiffs' motion to preclude the testimony of Robert Coakley is without merit, substantially for the reasons stated in Defendant's memorandum of law in opposition to the motion. (Docket No. 44). It is true that Defendant failed to list Coakley in its initial disclosures and to supplement its disclosures with his name, in technical violation of Rule 26(a) and (e) of the Federal Rules of Civil Procedure. But that violation was plainly harmless and thus not a basis for preclusion, *see* Fed. R. Civ. P. 37(c)(1) (allowing for preclusion of a witness who was not properly identified "unless the failure [to disclose] . . . is harmless"), as Plaintiffs have indisputably known about Coakley for months (and, on top of that, have been privy to Coakley's direct testimony since July, when it was submitted in affidavit form in accordance with the Court's procedures). *See, e.g.*, *Coty Inc. v. Excell Brands, LLC*, No. 15-CV-7029 (JMF), 2017 WL 4155402, at *12 n.8 (S.D.N.Y. Sept. 18, 2017) (declining to preclude a witness because the witness's testimony was disclosed to the moving party "over a month and a half before he actually testified"); *EMI Music Mktg. v. Avatar Records, Inc.*, 334 F. Supp. 2d 442, 445 (S.D.N.Y. 2004) (finding that the failure to formally disclose witnesses was harmless because the moving party "was aware of their existence and relevance," as the witnesses had been mentioned in discovery responses and their names had appeared in documents produced through discovery); *Rojo v. Deutsche Bank*, No. 06-CV-3574 (HB), 2009 WL 3790191, at *5 (S.D.N.Y. Oct. 30, 2009) (declining to preclude witness testimony where "all of the challenged witnesses were referred to in documents produced in discovery"). Further, upon review of Coakley's direct testimony, there is no merit to Plaintiffs' contentions that Coakley's testimony is irrelevant or

---

the Court will be able to verify for itself the content of the Webpages at the relevant time period by reviewing the Screenshots. Finally, CMG does not really dispute Plaintiffs' account of "what the [W]ebpages purportedly would have shown," but rather is arguing that its hosting and displaying of the Images constituted fair use. (*See* Def.'s Mem. 17-18).

improper expert testimony.  That said, the Court has a separate concern with respect to the Google Analytics data (marked as Defense Exhibit 17) and Coakley's testimony concerning those data — namely, that the data are inadmissible hearsay.  The parties should be prepared to address that issue at the final pretrial conference on October 10, 2017.

Accordingly, Plaintiffs' motion for spoliation sanctions and motion *in limine* are DENIED.  The Clerk of Court is directed to terminate Docket Nos. 38 and 41.

SO ORDERED.

Date:  September 28, 2017
      New York, New York

_____
JESSE M. FURMAN
United States District Judge